## MO. PAC. R. R. CO. & I. & G. N. R'Y CO. v. T. B. COLLIER.

### IN SUPREME COURT, TYLER TERM, 1884.

*Service.—Interrogatories.*--Where the petition avers that the Mo. Pac. R'y Co. had charge of and was operating the I. & G. N. R'y Co, it sufficient to serve notice and interrogatories on the local agent.

*Evidence.*—Where the pleadings assert that the accident was caused by the acts of the company in running its train at too high a rate of speed over an old and worn out track evidence as to the general conditton of the track and road-bed at and near the point when the injury was sustained, is admissible.

*Same.*--Evidence of the exclamation of a passenger as to the short period of time consumed in passing from one station to another made at the time is not hearsay, and admissible.

Appeal from Smith county.

Under the facts of this case as disclosed by the record, the district court committed no error, in declining at the instance of the Appellants, to suppress the depositions of the witness Howell and others.

We think, that under the facts of this case, that the service of the notice, and interrogatories, on the local Agent of the Appellants at Tyler, was sufficient, and was good legal service.

The petition avers, that as a matter of fact, that the Mo. Pac. R'y Co. had charge of, and was in fact, at the time of the service lawfully operating the I. & G. N. R'y Co. in Texas.

Under such circumstances, we regard the service of the notice, made in this case, as sufficient and lawful notice. Acting under it too, the Appellants punctually crossed the interrogatories and there does not appear to us to be any such illegality or irregularity, in the mode or manner of service, as would vitiate it. (Revised Statutes Articles 1223, 2219, 2223, 2233.) Nor did the district court, in our opinion, commit any error, under the state of the pleadings, and evidence in the case, in allowing the testimony of Collier, Butler, Still and others, to go to the jury for their consideration, as to the general condition of Appellants road-bed, and track, at and near the point, where the injury in question, was sustained.

The defense of the Appellants was based upon the assumption, that the wreck under consideration, was one of the results of that class of accidents, springing from natural causes, against which no human foresight could guard. That the broken rail in question, was just before the occurrence of the accident, entirely sound, and serviceable; and that the sudden fracture in it, which caused the injury, resulted by reason of the extreme degree of cold, to which it was at the time subjected, and from no negligence, or want of care, or due precaution, on their part.

On the other hand, the Appellee in his pleadings, and by his evidence, put this very matter in issue. He contended that the wreck in question, and the consequent injury resulting to him from it, was not produced by the reduction in temperature, but was caused by the culpable acts of Appellants, in running the train in question at too high a rate of speed, over an old and much worn rail road bed and track, which was not in a sufficiently good condition, or repair, to authorize the running of trains over it, at so great a rate of speed, and that by this culpable nehligence, and breach of duty, on the part of appellants, the iron rail in question, which was already old, and had been much used, was broken and the wreck, as a consequence, ensued.

In this state of the record, and under the pleadings of both parties, we are of the opinion, that the district court did not err, in permitting the evidence now under consideration, to be heard, and considered by the jury, in arriving at their conclusions and in determining what verdict under the evidence they should return to the court in response to the issues, that were submitted to them for determination.

Under the state of facts existing at the time, as disclosed by the record, we do not regard the evidence of the witness Collier, as illegal, or inadmissible. He was detailing facts within his own knowledge, as to the very high rate of speed at which the train in question seems to have been running, and as a circumstance growing out of the high rate of speed, and as calculated to make his meaning clearer to the jury, he calls their attention in this immediate connection to the exclamation made at the time of a fellow passenger as to the short period of time consumed in passing from Overton to Jarvis' switch. We do not regard this testimony in this connection, as heresay, or an improper or inadmissible, under the circumstances.

The same may be said as to the testimony of the witness Chilton. To the evidence, however, of this last named witness, no proper bill of exceptions seems to have been taken.

Upon a careful examination of the case, the verdict cannot be said to be contrary to the weight of the evidence. The proof as is usual in this class of cases, was conflicting in its character. Under such circumstances, the disputed, and doubtful matters, must in the nature of things be left for the consideration and determination of the jury. These are subjects, on which it is their peculiar province to pass. These matters are stricktly for their determination.

There appears to be no serious, or material error in the record, and the judgment of the district court, is accordingly affirmed.

West, J.